FILED

2021 Mar-26  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KATHRYN HENDRIX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No  2:21-cv-00300-MHH** |
| | ) | |
| **CRC INSURANCE SERVICES, INC.,** | ) | |
| **TRUIST FINANCIAL CORP/. and** | ) | |
| **TRUIST BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

COME NOW, Defendants CRC Insurance Services, Inc. ("CRC"), Truist Financial Corp. ("Truist"), and Truist Bank ("Truist Bank" and collectively with CRC and Truist "Defendants"), and for answer to Plaintiff Kathryn Hendrix's ("Hendrix" or "Plaintiff") Complaint, state and allege as follows:

### I. JURISDICTION

1.     Defendants admit that Plaintiff is attempting to invoke the provisions set forth in Paragraph 1 of the Complaint, but deny they committed any violations entitling Plaintiff to jurisdiction or that Plaintiff is entitled to any relief under 28 USC §§1331 and 1343(a)(4) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq* and The Equal Pay Act, 29 U.S.C. §206(d) or to any relief whatsoever.

2.      Defendants admit that Plaintiff is attempting to invoke the provisions set forth in Paragraph 2 of the Complaint but deny they committed any violations entitling Plaintiff to jurisdiction or that Plaintiff is entitled to any relief under the cited statutes or laws, or to any relief whatsoever.

3.      Defendants admit Plaintiff was employed in Birmingham, Alabama (Jefferson County) within the Southern Division of the Northern District of Alabama.

## II. PARTIES

4.      Defendants admit Plaintiff is a female over the age of forty (40) but are without sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.    Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.    There is no response necessary to this statement.

11.    There is no response necessary to this statement.

### III. CONDITIONS PRECEDENT

12.    Defendants admit that Hendrix filed an EEOC charge on or about December 3, 2019 listing CRC Insurance Services and BB&T Corporation (now Truist). Defendants also admit the charge was split into two cases by the EEOC, Charge No: 420-2019-02811for CRC and Charge No: 420-2020-00674 for BB&T.

13.    Defendants admit the EEOC issued a Dismissal and Notice of Rights on both charges stamped November 25, 2020.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint.

15.    Defendants admit Plaintiff has no administrative prerequisites for claims under The Equal Pay Act but deny they committed any violations subjecting them to Plaintiff's pay claims.

16.    Defendants deny the allegations in Paragraph 16 of the Complaint.

### IV. FACTS

17.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18.     Defendants admit Plaintiff was employed with CRC in various capacities from 2006-2019.

19.     Defendants admit that among other things, CRC is in the business of selling professional liability insurance.

20.     Defendants admit Plaintiff began her employment as an Internal Auditor.

21.     Defendants admit Plaintiff was transferred in 2014.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that in November 2017, Plaintiff was promoted to Internal Broker, but deny the remaining allegations contained in paragraph 33 and demand strict proof thereof.

34.     Defendants admit Brandon Hays was hired December 26, 2017 as an Associate Broker, but Defendants deny the remaining allegations contained in paragraph 34 of the Complaint and demand strict proof thereof.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 44 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 55 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants admit the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### TITLE VII-SEX DISCRIMINATION

81.     Defendants adopt and reinsert as if fully set forth their responses to paragraphs 1-80 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.   Defendants deny the allegations in Paragraph 85 of the Complaint.

86.   Defendants deny the allegations in Paragraph 86 of the Complaint.

87.   Defendants deny the allegations in Paragraph 87 of the Complaint.

88.   Defendants deny the allegations in Paragraph 88 of the Complaint.

89.   Defendants deny the allegations in Paragraph 89 of the Complaint.

**RELIEF**

Defendants deny Plaintiff is entitled to any relief set out in this un-numbered paragraph and specifically in sub-paragraphs a-d.

**COUNT TWO**
**TITLE VII RETALIATION - SEX**

90.   Defendants adopt and reinsert as if fully set forth their responses to paragraphs 1-89 of the Complaint.

91.   Defendants deny the allegations in Paragraph 91 of the Complaint.

92.   Defendants deny the allegations in Paragraph 92 of the Complaint.

93.   Defendants deny the allegations in Paragraph 93 of the Complaint.

94.   Defendants deny the allegations in Paragraph 94 of the Complaint.

95.   Defendants deny the allegations in Paragraph 95 of the Complaint.

96.   Defendants deny the allegations in Paragraph 96 of the Complaint.

97.   Defendants deny the allegations in Paragraph 97 of the Complaint.

**RELIEF**

Defendants deny Plaintiff is entitled to any relief set out in this un-numbered paragraph and specifically in sub-paragraphs e-h.

## COUNT THREE
## EQUAL PAY ACT

98.     Defendants adopt and reinsert as if fully set forth their responses to paragraphs 1-97 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

## RELIEF

Defendants deny Plaintiff is entitled to any relief set out in this un-numbered paragraph and specifically in sub-paragraphs a-d.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

## SECOND DEFENSE

Plaintiff's damages are limited to the extent that Plaintiff has failed or refused to mitigate her damages.

## THIRD DEFENSE

Defendants affirmatively have made a good faith effort to comply with all federal and state laws.

## FOURTH DEFENSE

Defendants deny that Plaintiff's sex or any other impermissible factor played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff.

## FIFTH DEFENSE

Even if Plaintiff could prove intentional discrimination, which Defendants deny, Defendants would demonstrate that they would have taken the same employment actions in the absence of any unlawful motivating factors.

## SIXTH DEFENSE

This action is not maintainable under Title VII with respect to any event or alleged event occurring more than 180 days prior to the filing of the EEOC charge upon which this action is based.

## SEVENTH DEFENSE

Plaintiff has failed to satisfy the conditions precedent to maintaining the claims in this action.

## EIGHTH DEFENSE

To the extent that Plaintiff's Complaint challenges employment decisions affecting her, such decisions were made on the basis of legitimate, non-discriminatory and non-retaliatory factors.

## NINTH DEFENSE

Defendants reserve the right to assert any additional affirmative defenses or claims that may be determined during discovery.

## TENTH DEFENSE

Plaintiff was an employee-at-will.

## ELEVENTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith.

## TWELFTH DEFENSE

Defendants cannot be liable for alleged actions of which they were unaware.

## THIRTEENTH DEFENSE

Plaintiff's claims fail because Plaintiff cannot establish that her sex was the "but for" reason for her resignation.

## FOURTEENTH DEFENSE

Plaintiff has not suffered any injuries or damages.

## FIFTEENTH DEFENSE

Defendants plead unclean hands to the extent it may apply.

## SIXTEENTH DEFENSE

Defendants plead the doctrine of after-acquired evidence to the extent it may apply.

## SEVENTEENTH DEFENSE

Defendants plead the doctrines of judicial estoppel and collateral estoppel to the extent they may apply.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches and applicable statutes of limitation.

## NINETEENTH DEFENSE

To the extent the court determines Plaintiff's claims are frivolous, groundless in fact, or vexatious, or interposed for any improper purpose, Defendants are entitled to recover their attorneys' fees and costs.

## TWENTIETH DEFENSE

Defendants are not liable for punitive damages as they have made good faith efforts to enforce any anti-discrimination and anti-retaliation laws and policies.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff seeks punitive damages, any such damages are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment to the United States Constitution.

Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Defendants, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent, discriminatory intent or intent to harm; do not evidence a malicious, know, oppressive, or fraudulent intent to deny Plaintiff her protected rights or to harass or otherwise discriminate against Plaintiff; and are not so wanton or willful as to support an award of punitive damages.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff seeks punitive damages, any such damages violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred;

(h)     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

## TWENTY-THIRD DEFENSE

Plaintiff's attempt to impose punitive or extra-contractual damages on Defendants on the basis of vicarious liability for the conduct by others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FOURTH DEFENSE

Defendants have a well-publicized, effective anti-harassment policy which requires Plaintiff to report any harassment.  She failed to follow that policy and as a result, her claims, to the extent pled, are barred.  Defendants plead the *Faragher* defense.

## TWENTY-FIFTH DEFENSE

Defendants are not liable for punitive damages, as they made good faith efforts to enforce any anti-discrimination laws and policies. Defendants cannot be held vicariously liable for punitive damages for any allegedly discriminatory decision of their agents when such decisions are contrary to Defendants' good faith efforts to prevent discrimination in the workplace and comply with Title VII. Defendants, in no way, acted with malice or reckless disregard for the federal laws preventing discrimination or retaliation. *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 546 (1999).

## TWENTY-SIXTH DEFENSE

Plaintiff's Equal Pay Act and other compensation discrimination claims are barred because any pay difference between Plaintiff and similarly situated employees was based on a factor other than sex.

## TWENTY-SEVENTH DEFENSE

Any pay difference between Plaintiff and similarly situated employees was based on a factor other than sex.

## TWENTY-EIGHTH DEFENSE

Any pay difference between Plaintiff and any similarly situated employee was based on a merit system or a system that bases wages on the quantity or quality of production.

## TWENTY-NINTH DEFENSE

Defendants have nondiscriminatory reasons for any pay differential between Plaintiff and other employees.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that, at the conclusion of this action, the Court grant it the following relief:

1.    Dismiss Plaintiff's claim in its entirety and with prejudice;

2.    Deny each and every prayer for relief identified in Plaintiff's Complaint; and

3.      Award against Plaintiff for Defendants' reasonable attorneys' fees, expenses, and costs associated with defending this action, along with such other and further relief as the Court may deem proper.

Respectfully submitted, this the 26th day of March, 2021.

/s/ *Jenna M. Bedsole*
JENNA M. BEDSOLE
DAISY C. KARLSON
Attorneys for Defendants

**OF COUNSEL**:

BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Tel: 205-326-0480
jbedsole@bakerdonelson.com
dkarlson@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and accurate copy of the foregoing by filing the same via the court filing system and/or via electronic or U.S. Mail, first-class postage pre-paid, on all counsel of record on March 26th, 2021:

Leslie Palmer
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
Tel: (205) 285-3050
leslie@palmerlegalservices.com

*/s/ Jenna M. Bedsole*
Of Counsel