# EXHIBIT 23



October 8, 2019

BB&T
ATTN: Stefani Petty
VP Regional Associate Relations Mgr
Human Systems Division
220 West Second Street
Winston Salem, NC 27101

also Sent via e-mail to sbpetty@bbandt.com

Dear Ms. Petty,

    This firm represents Ms. Kathryn Hendrix in her claims for violation of Title VII of the Civil Rights Act of 1964 for gender discrimination and the Equal Pay Act.  This letter is being sent to you as Ms. Hendrix's area contact for human resources; please forward this letter to your legal department, outside attorney, or insurance provider if applicable.

    This letter serves to notify you that BB&T and CRC Insurance Services, Inc. is under a legal duty to **maintain, preserve, retain, protect, and not destroy any and all documents and data, both electronic and hard copy, that may be relevant to Ms. Hendrix's claims.**  The failure to preserve and retain data may constitute spoliation of evidence which could subject BB&T and CRC to legal claims for damages and/or evidentiary and monetary sanctions.

    Ms. Hendrix is employed with BB&T through CRC in the Birmingham, Alabama office.  She began her employment in 2006 as an auditor and was promoted to senior auditor in 2012.  In 2014 she transferred to the sales division making it clear she had desires of moving up through the ranks to become a successful broker.

    In CRC's Birmingham office, females are treated differently than males.  This differential treatment includes communication, work assignments, and career growth and promotion opportunities.

    After fighting her way to the "title" of inside broker, Ms. Hendrix had to ask repeatedly to be placed on the e-mail listserv for brokers.  Just after she was added, instruction was handed down to no longer use that email list, and instead to use the listserv that includes all support staff as well.  In response, the male brokers created a group chat to continue to cut out Ms. Hendrix.

    Despite her change in job title, male brokers continued to ask Ms. Hendrix to complete disproportionate amounts of administrative work from a cubicle, utilizing her as administrative support staff and arbitrarily assigned available offices to male employees leaving Ms. Hendrix in

P.O. Box 35 | Kimberly, Alabama 35091 | 205-285-3050
leslie@palmerlegalservices.com | www.palmerlegalservices.com

a cubicle partially filled with office technology. Additionally, CRC excluded Ms. Hendrix from the website and listed males at higher positions than they actually carry.

The male brokers continually acted in ways evidencing that Ms. Hendrix is not equal, and underhandedly degrading females. Instead of praising her for taking a strong leadership position, the male brokers referred to the Women's Leadership Networking Event she was heading up as "that thing in Atlanta" and interrupted her during a presentation on it at a marketing meeting to change the subject.

The lack of structure, training, and policies at CRC left Ms. Hendrix without instruction on who to contact for any complaints. She contacted Ron Helveston (CRC CEO) directly with her complaints. Mr. Helveston never acted on her complaint, no one contacted Ms. Hendrix concerning any investigation, no new policies have been implemented, and the conduct continues.

Ms. Hendrix suffers from medically diagnosed anxiety and depression. The environment at CRC has continued to exacerbate these conditions. By ignoring her internal complaints, CRC left Ms. Hendrix with no option but to take medical leave. She could no longer work in the office having account executives (support staff) comment that she was being treated the same as them despite her title. Given these circumstances, Ms. Hendrix is requesting an accommodation of continued leave (unpaid) while she navigates this complaint process.

We are preparing to file an EEOC charge in this matter to assert the rights due to Ms. Hendrix under Title VII for a workplace free from gender discrimination. However, given her length of service, Ms. Hendrix feels loyalty to CRC. Our current valuation of the case is representative of the income Ms. Hendrix missed when she was not promoted *either* time a senior broker requested her, likely bonus differentials based on discriminatory compensation, mental anguish, future pay for missed professional development, and potential punitive damages for BB&T's/CRC's lack of supervision, policies, enforcement and training. We have also considered front pay given Ms. Hendrix's likely inability to return to CRC because as Mr. Helveston told her, if anyone talks to the "guys" she won't be able to work in that department. Ms. Hendrix has authorized me to settle this dispute, without any EEOC charge, with a full release and confidentiality clause for $500,000.00.

Ms. Hendrix has suffered damage to her professional reputation, damage to her professional development, and mental anguish because of the discriminatory environment of CRC. She would have had much higher past earnings had she been given the same tools as the males in the Birmingham office. However, she is prepared to move on with her life and leave CRC/BB&T and the gender discrimination behind and invites BB&T to work with her towards this goal.

If BB&T is interested in discussing settlement of this matter prior to any EEOC filings, please contact my office by **Friday, October 25, 2019.**

Please communicate with me regarding any required paperwork for Ms. Hendrix's requested accommodation of continued leave.

2

3

I can be reached by e-mail at leslie@palmerlegalservices.com or by phone at (205) 285-3050. I look forward to working with you to resolve this matter for all parties involved.

Very Truly Yours,

Leslie Palmer